UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GERALD S. MAYEK,

Plaintiff,

v. Case No. 26-cv-1437-pp

SSM HEALTH ST AGNES HOSPITAL FOND DU LAC
and DR. BHATTACHARJEE,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Gerald S. Mayek, who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On September 3, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $3.27. Dkt. No. 7. The court received that fee on September 14, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that he was incarcerated at Kettle Moraine Correctional Institution during the events described in the complaint. Dkt. No. 1 at 1. He is suing SSM Health St. Agnes Hospital Fond du Lac and Dr. Bhattacharjee. Id.

The plaintiff alleges that he sustained a spinal injury compression fracture in 2019. Id. at ¶1. After other treatment attempts failed, the Department of Corrections allegedly agreed that the plaintiff should have spinal surgery. Id. at ¶2. The plaintiff alleges that on June 18, 2026, Dr. Bhattacharjee performed spinal surgery on him at SSM Health. Id. at ¶¶3-4. He

states that a subfascial drain was placed and that a bulb attached to the drain collected fluid. Id. at ¶5. The bulb allegedly had to be emptied several times while the plaintiff was at the hospital. Id. The plaintiff alleges that the day after surgery, on June 19, 2026, he was released from the hospital, and the drainage tube was removed. Id. at ¶6.

The plaintiff states that within a short period of time after he returned to Kettle Moraine, he was in extreme pain and unable to walk. Id. at ¶7. Because of the plaintiff's condition, unit officers allegedly called a nurse at home around 10:30 p.m. Id. at ¶8. The nurse allegedly returned to work, assessed the plaintiff and sent him back to the hospital. Id. at ¶¶9-10.

The plaintiff alleges that when he returned to the hospital, he underwent an MRI that showed "laminectomy changes with postop fluid collection with mass effect at the posterior spinal canal at L3-4 with severe spinal canal stenosis and bunching of the cauda equina roots at that level." Id. at ¶11. The plaintiff alleges that Dr. Perez said that the plaintiff had an acute new problem as well as a complication and elevated risk due to a comorbid illness. Id. at ¶12.

The plaintiff states that he suffered extreme pain based on Dr. Bhattacharjee's orders to have the drainage tube removed and to discharge the plaintiff. Id. at p. 3. He states that he is suing for a violation of federal law. Id. at p. 4. For relief, he seeks compensatory and punitive damages. Id. at pp. 3-4.

C. Analysis

"The Eighth Amendment's ban on 'cruel and unusual punishments' obligates prison officials to provide medical care to prisoners in their custody." Sanders v. Moss, 153 F.4th 557, 567 (7th Cir. 2025) (quoting Dean v. Wexford Health Sources, Inc., 18 F.4th 214, 234 (7th Cir. 2021)); see also Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official's "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. Sanders, 153 F.4th at 567 (quoting Estelle, 429 U.S. at 104. The plaintiff must satisfy two prongs to prove a deliberate indifference claim. First, he must show that he suffers from an "objectively serious medical condition." Id. (quoting Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*)). The plaintiff must also establish that the prison official acted with a "sufficiently culpable state of mind." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see also Wilson v. Seiter, 501 U.S. 294, 297 (1991). "A prison official has a sufficiently culpable state of mind when the official 'knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk.'" Sanders, 153 F.4th at 568 (quoting Farmer, 511 U.S. at 834).

The plaintiff alleges that Dr. Bahattacharjee works at the St. Agnes Hospital, not the prison. Nongovernmental health care providers that serve incarcerated individuals may be liable under §1983 if they acted on behalf of state in providing medical care. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 831-32 (7th Cir. 2009). The plaintiff may proceed on an Eighth Amendment claim against Dr. Bahattacharjee based on allegations that he

displayed deliberate indifference in his treatment decisions after the plaintiff's spinal surgery.

The plaintiff alleges that he sues the hospital for "respondeat superior." But there is no *respondeat superior* liability under §1983. See Rodriguez, 577 F.3d at 822. The plaintiff may not sue the hospital simply because it employs Dr. Bahattacharjee and the court will dismiss the hospital.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DISMISSES** defendant SSM Health St. Agnes Hospital Fond du Lac.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Dr. Bhattacharjee. Under the informal service agreement, the court **ORDERS** this defendant to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$346.73** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Kettle Moraine Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**